**Andrew W. TOWNSLEY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 4310.**

District of Columbia Court of Appeals.

Argued Oct. 9, 1967.

Decided Dec. 12, 1967.

Bruce P. Saypol, Washington, D. C. (appointed by this Court), for appellant.

Lee A. Freeman, Jr., Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Lawrence Shinnick, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN, Associate Judge, Retired.

MYERS, Associate Judge.

After trial by court without a jury, appellant was convicted of attempted house-breaking, D.C.Code § 22–103(1967), destroying property, D.C.Code § 22–403 (1967), and petit larceny, D.C.Code § 22–2202(1967). Appellant contends that the trial court erred in not granting his motion for acquittal because the evidence was such that a reasonable doubt of appellant's guilt must be entertained.

Between the close of business at 9:00 p. m. Saturday and 2:00 a. m. the following Monday morning, the glass front door of a drugstore was broken, the lock pried off the door, and drugs valued at approximately $100.00 stolen from a cabinet in the rear of the store. The record does not reveal how or by whom the crime was discovered. A police fingerprint expert dusted the glass broken out of the door and found two latent fingerprints impressed on the side of the glass that had originally been the outside surface of the door. Appellant was arrested three months later, after his fingerprints were found to match the impressions left at the scene of the crime.

At trial the arresting officer testified that appellant was known to frequent the neighborhood in which the drugstore is located. The fingerprint expert identified the latent prints he had lifted off the glass and said that they were identical to those of appellant. He also testified that the impressions could have been left on the glass a day before the crimes were committed.

Appellant's motion for acquittal at the conclusion of the Government's case was denied. He then took the stand and attempted to explain how his fingerprints were left on the glass. His testimony was highly suspect on its face and was totally discredited by a Government rebuttal witness. Appellant's testimony did not, however, supply any facts necessary to prove the Government's case.[1]

---

1. Because appellant's testimony did not supplement the prosecution's case, we are not presented with the kind of problem to which Cephus v. United States, 117 U.S.App.D.C. 15, 324 F.2d 893 (1963), is addressed. Unlike the Cephus situation, the denial of a motion for acquittal did not occasion the introduction of testimony necessary to support the conviction. The case as it went to the trier of fact after appellant's testimony was in essentially the same posture as when the Government completed its case in chief.

Appellant's conviction was, therefore, based only on circumstantial evidence, the presence of his fingerprints on a glass surface which had once been the outside surface of a drugstore entrance. No evidence placed him near the scene around the time of the commission of the crimes and no evidence placed him inside the store.[2]

The reliability of fingerprint identification has long been recognized. United States v. Kelly, 55 F.2d 67, 69 (2d Cir.1932), 83 A.L.R. 122. Appellant does not contest the identification of his fingerprints. But "[t]he fact that fingerprints corresponding to those of an accused are found in a place where a crime was committed is without probative force unless the circumstances are such that the fingerprints could only have been impressed at the time when the crime was perpetrated. 20 Am.Jur. Evidence, section 358; 16 A.L.R., Annotation, 370; 63 A.L.R., Annotation, 1324." State v. Minton, 228 N.C. 518, 46 S.E.2d 296, 298 (1948). Appellant's fingerprints were found in a place always accessible to the public and could have been impressed at any time. That the glass on which the fingerprints were found was originally located low down in the door raises a suspicion. "But a suspicion, even a strong one, is not enough." Hiet v. United States, 124 U.S. App.D.C. 313, 314, 365 F.2d 504, 505(1966). Many explanations consistent with appellant's innocence could account for the low position of the fingerprints. It is possible that appellant touched the glass in an incident so trivial that he simply did not remember it when he was arrested, three months later.

When the prosecution relies wholly upon circumstantial fingerprint evidence, as it does in this case, it must negate at least some of the reasonable inferences consistent with defendant's innocence that can be drawn from that evidence. Borum v. United States, D.C.Cir., 380 F.2d 595, 597(1967).[3] Because the Government did not attempt to negate any of the reasonable inferences consistent with innocence, reasonable doubt of appellant's guilt must necessarily exist and the convictions are

Reversed with directions to enter judgments of acquittal.

**2.** Although the glass was dusted for fingerprints while lying in the back of the store, the record does not indicate whether the glass was found in that location when the crimes were discovered.

**3.** Cf. Borum v. United States, D.C.Cir., 380 F.2d 590 (1967).