**Eugene PATTEN, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 4577–4579.**

District of Columbia Court of Appeals.

Argued Oct. 28, 1968.

Decided Nov. 29, 1968.

Frederick C. Timberlake, Washington, D.C., for appellant.

James A. Treanor, III, Asst. U.S. Atty., with whom David G. Bress, U.S. Atty., and Frank Q. Nebeker, Asst. U.S. Atty., were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KERN, Judges.

MYERS, Associate Judge:

After trial by jury, appellant was convicted of attempted housebreaking, D.C.Code § 22–103 (1967), destruction of private property, D.C.Code § 22–403 (1967), and possession of implements of crime, D.C.Code § 22–3601 (1967). He argues that the trial court erred in denying his motions for judgment of acquittal and for directed verdicts of acquittal, contending the evidence introduced was such that a reasonable doubt of his guilt must be entertained.

Checking the rear of stores late one evening, a police officer observed two men walking toward him turn suddenly and run up a fire escape and across the roof of a building. Although he promptly followed, he was unable to apprehend either man and, in the dark, could not see them clearly enough for identification. Upon investigation of the area, the officer discovered a broken skylight over one of the stores. Testimony revealed that it had been broken on the evening in question. Beside the

skylight, the officer found a flashlight and a paper bag containing several tools commonly used for burglary. Although the roof was damp from a recent rainfall, the bag was dry. Tests disclosed appellant's fingerprints on the top of the paper bag. This evidence constituted the sole link between appellant and the crimes. At trial a fingerprint expert admitted that the prints could have been on the bag for as long as six months and that a mere incidental touching would not have produced such prints.

After the Government had concluded its testimony, appellant moved for acquittal. The motion was denied, and he took the stand. By way of alibi, appellant testified he was home the evening in question. Appellant's evidence added no facts necessary to prove the Government's case. At the end of the trial, his motion for a directed verdict was denied.

We first consider whether the presence of appellant's fingerprints could indicate his guilt beyond a reasonable doubt of the charge of attempted housebreaking.

■ A motion for acquittal must be granted where there is no evidence by which a reasonable man could conclude guilt beyond a reasonable doubt.[1] However, "if a reasonable mind might fairly have a reasonable doubt or might fairly not have one, the case is for the jury, and the decision is for the jurors to make."[2] This test does not require the Government to prove its case to a certainty, and it need not negate all inferences consistent with innocence.[3] However, by either direct or circumstantial evidence, the Government must negate at least the most reasonable explanations for the prints consistent with innocence,[4] and it has the burden of showing that the fingerprints

were made during the commission of a crime.

■ The present case is distinguishable from others in which conviction rested solely upon the presence of fingerprints of the accused at the scene of the crime[5] in that here the object upon which the prints were found was discovered in an area generally inaccessible to appellant or to any member of the public. The dry condition of the bag indicated that it had been transported there by the would-be burglar, and it would not be without reason to conclude that the prints were made at that time. Moreover, a paper bag, as was testified to at trial, is not receptive of clear fingerprints upon a slight or incidental touching. Thus the fingerprints of appellant indicated he had been holding the bag with some force. These circumstances could logically suggest guilt to a reasonable mind.

Appellant stresses that the mobile character of the paper bag, coupled with the common availability of such bags and the fact that the fingerprints could have been on it for as long as six months, render this evidence insufficient to prove identity. We do not require the Government to invalidate every possibility. This would place an intolerable burden upon the prosecution. The jury was competent to consider the probability that the bag may have been handled by two different people and to reject it.

We are satisfied that the circumstances shown by the Government were sufficient to negate some of the more reasonable explanations consistent with innocence and that there was competent evidence to support a finding by the jury beyond a reasonable doubt that appellant had committed the crime of attempted housebreaking at the time and place. In view of this determina-

1. Curley v. United States, 81 U.S.App. D.C. 389, 392–393, 160 F.2d 229, 232–233 (1947), cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850.

2. Id. at 392, 160 F.2d at 232.

3. Borum v. United States, 127 U.S.App. D.C. 48, 50, 380 F.2d 595, 597 (1967).

4. Townsley v. United States, D.C.App., 236 A.2d 63 (1967).

5. Townsley v. United States, supra note 4; Hiet v. United States, 124 U.S.App.D.C. 313, 365 F.2d 504 (1966).

tion upholding the conviction of appellant on this count, and since sentence on each of the three counts was to run concurrently and was of equal duration, it is unnecessary to consider the sufficiency of conviction of the other two crimes. Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943).

Affirmed.