Rocco HAWKINS, Appellant,

v.

UNITED STATES, Appellee.

No. 8312.

District of Columbia Court of Appeals.

Argued Nov. 14, 1974.

Decided Dec. 16, 1974.

Martin J. Callaghan, Washington, D.C., appointed by this court, for appellant.

Harry R. Benner, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Charles J. Harkins, Jr., and Steven R. Schaars, Asst. U. S. Attys., were on the brief, for appellee.

Before REILLY, Chief Judge, and KERN and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This appeal from a robbery conviction (D.C.Code 1973, § 22–2901) presents a sufficiency of identification—fingerprint—issue. Finding precedents which appellant urges as controlling to be distinguishable, we affirm.

The government's case on identity consisted solely of fingerprint evidence found on a dresser which was ransacked during the robbery. The complaining witness, Mrs. Mayo, was robbed in her home by two men. One man was masked and the one who ransacked the dresser had his hat pulled low to conceal his identity. Police investigation established that the fingerprints on the dresser drawer third from the top were those of appellant Hawkins.

Appellant contends that the trial judge allowed the jury to consider the case on the basis of mere speculation. He principally argues, as he did at trial, that the government failed to show that the fingerprints were made at the time of the robbery as opposed to some other time. *See* Townsley v. United States, D.C.App., 236 A.2d 63 (1967); Borum v. United States, 127 U.S.App.D.C. 48, 380 F.2d 595 (1967).

In Patten v. United States, D.C. App., 248 A.2d 182, 183 (1968), this court articulated standards which govern in this case. We acknowledged the applicability of the fundamental principle respecting reasonable doubt to fingerprint cases. We also applied the familiar axiom that the proof need not be to a certainty or negate all inferences pointing to innocence. We did, however, state that all the evidence "must negate at least the most reasonable explanations" consistent with innocence and that evidence must tend to show placement of the fingerprints during the offense.

In light of the above, Townsley v. United States, *supra*, a housebreaking-finger-

print case, is relevant to the instant case, but does not control. There, the accused's fingerprints were found on a piece of broken glass which had been located "low down" on the door to a drug store from which a quantity of drugs had been stolen. While the court noted that the location of the prints raised a suspicion that they were made in the course of the offense, this suspicion was "not enough" to take the case to the jury since "[a]ppellant's fingerprints were found in a place always accessible to the public and could have been impressed at any time." *Id.*, 236 A.2d at 65.

The instant case is also distinguishable on its facts from Borum v. United States, *supra,* since there the government introduced no evidence indicating that the glass bottles on which Borum's prints were found were "generally inaccessible" to him. *Id.*, 127 U.S.App.D.C. at 48–49, 380 F.2d at 595–596. While the court there hypothesized that the bottles might have been touched at a place other than the scene of the crime, such a possibility was much less likely here as the piece of bedroom furniture was less portable in nature than were the bottles, and the furniture inferrably had been in the bedroom for at least two months. *See* Stevenson v. United States, 127 U.S.App.D.C. 43, 380 F.2d 590 (1967) (decided the same day as *Borum*).

■ By contrast, in the instant case the prints were found in an area "generally inaccessible to appellant or to any member of the public", Patten v. United States, *supra,* 248 A.2d at 183, namely, in Mrs. Mayo's bedroom. Moreover, the government offered evidence showing lack of access in fact by the appellant. Mrs. Mayo did testify that she normally kept her bedroom door locked. She also testified that on one occasion, two months before the robbery, she had a young male visitor. She was

unable to say that that visitor was Hawkins, but if he had been, her testimony excluded any reasonable possibility that he would have touched the dresser where the print was found.[1] A reasonable inference to be drawn from the sum of her testimony was that appellant had not been in her house on any occasion (with the possible exception of the above) save that of the robbery.

Given the relative privacy of the bedroom and the location of the prints, those prints became so highly indicative of guilt that such evidence was not burdened by reasonable possibilities consistent with Hawkins' innocence. Any reasonable possibility that the prints had been left at a time other than the robbery was dispelled. *See* Patten v. United States, *supra* at 183.

Since the trial court did not err when it denied appellant's motions for acquittal, the conviction is

Affirmed.

---

1. We note that appellant testified he had been in the house a few days earlier and that, after washing his hands in the bathroom, he walked by the dresser, picked up a hat from the floor, and put it on top of the dresser. He could not say that he touched the front part of the dresser. This testimony has nothing to do with the issue of sufficiency since our view of the government's evidence must favor the finding of guilt, and the factfinder, not being compelled to believe a possible innocent touching, could reject Hawkins' testimony