GRIMES, Acting Chief Judge.
Appellant contends that the evidence was legally insufficient to convict him of burglary of a dwelling and first degree grand theft.
Terry Williams, the owner of a gold and silver brokerage business, kept some of his inventory at his home. Williams’s home was burglarized on the morning of November 5, 1981, and inventory which he valued at from $30,000 to $70,000 was stolen. Williams’s home was equipped with three burglar alarms. However, they had been rendered inoperative by the removal of an electric meter box from its socket on the outer wall of Williams’s residence. A latent fingerprint taken from the glass of the meter box which was lying on the ground matched that of the appellant.
When appellant was arrested, the police drove him by a house and pointed it out as being the one owned by Terry Williams. In response to a later inquiry by the police, appellant denied ever having been to Williams’s house.
On a few occasions prior to the date of the burglary, appellant had accompanied his father-in-law to Williams’s store. Once, Williams invited appellant’s father-in-law to his home, and in the course of exhibiting some inventory which he hoped to sell, he explained to him how his burglar alarms worked. Williams specifically denied that appellant had ever been to his home.
Appellant’s father-in-law testified that appellant had been with him when he visited Williams’s home. The appellant concurred in this, though he said he had never gone inside. Appellant did not recall touching the meter box and could only account for his fingerprint by the fact that he might have inadvertently touched it when he obtained a drink of water from a nearby hose. He attributed his earlier denial of ever having been to the house to confusion over Williams’s name. He said he only knew him as Terry. The appellant also presented several witnesses whose combined testimony, albeit somewhat conflicting, tended to show that appellant was somewhere else on the morning of the burglary.
The only evidence connecting appellant with these crimes was his fingerprint on the meter box coupled with the fact that he denied to the police ever having been at Williams’s home. Where fingerprint evidence is the sole evidence relied upon to convict, the circumstances must be such that the print could have been made only when the crime was committed. J.C. v. State, 377 So.2d 731 (Fla. 3d DCA 1979); Williams v. State, 308 So.2d 595 (Fla. 1st DCA), cert. denied, 321 So.2d 555 (Fla.1975). Therefore, where the print is found in a location accessible to the general public, there must be other evidence to show that the print was made at the time of the crime. Wilkerson v. State, 232 So.2d 217 (Fla. 2d DCA 1970); Ivey v. State, 176 *44 So.2d 611 (Fla. 3d DCA 1965). The rule is somewhat different where the print is found in a place or on a thing not generally accessible to the public. Roberts v. State, 268 So.2d 578 (Fla. 3d DCA 1972). Thus, in Sorey v. State, 419 So.2d 810 (Fla. 3d DCA 1982), the court explained:
Where, however, the prints are located in a place, on an object, or on a particular part of an object to which the general public does not have access, the hypothesis that the print was not placed on the object at the time of the crime is not one which the court must declare reasonable as a matter of law, and it remains for the jury to determine its reasonableness. This is so because in the latter instance we need not assume that the defendant as a member of the general public placed his fingerprint at the place or on the object at a time other than the crime. Therefore, when the State proves that the print was found in a place or on a thing not accessible to the general public, such proof, standing alone, is legally sufficient, and the jury may infer from it that the print was made at the time of the crime....
If, however, the defendant shows through testimony that he, unlike a member of the general public, had access to the place or object at a time other than the time of the crime so as to reasonably explain the existence of his prints, the version of events related by the defense must be accepted as true unless contradicted by other proof showing the defendant’s version to be false.
419 So.2d at 813-14 (footnotes omitted).
The electric meter box at Williams’s house was not an object to which the general public had access. Despite his previous denial that he had ever been to Williams’s house, appellant tried to explain how his print might have been left on the meter box. Even if we were to accept his explanation as being reasonable, it was directly contradicted by Williams’s testimony that appellant had never been to his house. Therefore, the appellant was not entitled to a judgment of acquittal as a matter of law. Since the jury rejected his hypothesis, we must do likewise. See Sorey v. State; cf. Summerson v. State, 200 So.2d 594 (Fla. 3d DCA 1967) (where defendant’s fingerprints were found on a lower drawer of a file cabinet located in a private portion of a dentist office, defendant’s testimony that he had rested on a couch near the cabinet while recovering from a tooth extraction several months before did not entitle him to a judgment of acquittal in that the dentist testified that he had no recollection of the defendant being a patient).
AFFIRMED.
RYDER, J., and EVANS, VERNON W., Jr., Associate Judge, concur.