In the Matter of J.C.M., Jr., Appellant.

No. 84–709.

District of Columbia Court of Appeals.

Submitted Nov. 12, 1985.

Decided Dec. 31, 1985.

Kenneth H. Rosenau was on brief for appellant.

Inez Smith Reid, Corp. Counsel, with whom John H. Suda, Principal Deputy Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel and Michele Giuliani, Asst. Corp. Counsel, Washington, D.C. were on brief, for appellee.

Before MACK, FERREN, and ROGERS, Associate Judges.

FERREN, Associate Judge:

After a bench trial, appellant was convicted of burglary and theft, D.C.Code §§ 22–1801(b), –3811, –3812(a) (1981 & Supp.1985), adjudicated a delinquent, and committed to the custody of the Department of Human Services. *See id.* §§ 16–2320(c), –2322. Appellant contends that the only evidence of guilt—his latent fingerprints recovered from a can of air freshener found near the point of unlawful entry into a residence—was insufficient to support his conviction.[1] We agree and reverse.

I.

At trial, the complainant, Linda Johnson, testified that on the morning of November 23, 1983 she had left her home and office at 710 C Street, N.E., with all the doors locked and the windows closed. When she returned at 4:30 or 5:00 p.m., she responded to a noise upstairs and found the bathroom window open. An almost full can of air freshener and a bottle of milk bath, both of which had been on top of the toilet tank, were in the waste basket next to the toilet. Johnson discovered that approximately $7,000 in property—two radios, jewelry, and a mink coat—had been stolen. Johnson also testified that appellant

> looks just like somebody I have seen in the neighborhood.[2] He looks very familiar. In fact, one day I was coming out of the door, a young man that looks just like him, was nicely dressed, came up and said, "Where's the doctor's office? I'm looking for the doctor's office."[3]

She was not asked to make a permissible voice identification of appellant, *see United States v. Dionisio,* 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973); *Schmerber v. California,* 384 U.S. 757, 764, 86 S.Ct. 1826, 1832, 16 L.Ed.2d 908 (1966); *Hill v. United States,* 367 A.2d 110, 116 (D.C.1977), and thus could not more positively identify him as the person she had encountered. Moreover, she confirmed that she did not see appellant on the day of the burglary. There is no record evidence that the stolen property had been recovered.

Officer Dixon, a crime scene search officer, testified that he had searched the premises for latent fingerprints. He "dusted" the bathroom, including the window,

---

1. Appellant also contends that the trial court violated Super.Ct.Juv.R. 16 and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) when it denied his motion to compel discovery of the government's computer printouts listing possible matches for all the latent fingerprints recovered from the scene of the crime. Because we reverse for insufficient evidence of guilt, we do not address this discovery issue.

2. Appellant resided with his mother at 340 15th Street, N.E. approximately ten blocks from Johnson's home.

3. Johnson also testified, without objection to hearsay, that her administrative assistant (later identified as Carol Rubin) had told Johnson that she had seen someone inside Johnson's yard, on an earlier occasion, approaching the door and that, when asked what he wanted, he had answered he was looking for the dentist's office.

the toilet tank, and the can of K-Mart brand air freshener, as well as the bedroom, including the bureau, the jewelry box, and a ceramic ornament. He retrieved several latent prints from the can of air freshener, the toilet tank, the bathroom window frame, and the ceramic ornament. The government's fingerprint expert, Larry Archie, identified the latent fingerprints on the can of air freshener as appellant's. The other latent prints recovered from the scene were not identified.

Appellant produced two witnesses. Carol Rubin, complainant Johnson's administrative assistant, testified that on the day of the burglary she had heard two loud noises sometime between 3:00 and 3:30 p.m. Appellant's mother provided evidence of an alibi; she testified that appellant had been home all afternoon on the day of the crime.

## II.

■ We review the evidence. Complainant Johnson's statements that appellant "looks very familiar," "looks just like somebody I have seen in the neighborhood," and "looks just like" a young man with whom she once had spoken in front of her house about a "doctor's office," are not probative of guilt, for four reasons: (1) Johnson did not positively identify appellant as that young man; (2) even if appellant was that person, Johnson might well have seen him in the normal course of events because appellant did, in fact, live in the vicinity, see supra note 2; (3) Johnson's encounter in front of her house with someone who looked like appellant was not perceptively suspicious; and (4) there was nothing else about the encounter to connect it with the burglary; for example, Johnson testified that she did not see appellant on the day of the crime.[4]

■ Accordingly, the only evidence of appellant's guilt was the latent fingerprints recovered from the can of air freshener. "Unquestionably the print raises a suspicion. But a suspicion, even a strong one, is not enough. Guilt must be established beyond a reasonable doubt...." *Hiet v. United States*, 124 U.S.App.D.C. 313, 314, 365 F.2d 504, 505 (1966). Thus, when the government relies only on fingerprints, "[t]he burden [is] on the government ... to negate at least the most reasonable explanations of that evidence which are consistent with innocence, and to show that the fingerprints were made during the commission of the crime." *In re M.M.J.*, 341 A.2d 421, 422 (D.C.1975) (citing *Patten v. United States*, 248 A.2d 182 (D.C.1968) and *Townsley v. United States*, 236 A.2d 63 (D.C. 1967)); *accord Rhyne v. United States*, 492 A.2d 596, 597 (D.C.1985). The government, however, "need not negate all inferences consistent with innocence which could arise from the fingerprints." *Borum v. United States*, 127 U.S.App.D.C. 48, 50, 380 F.2d 595, 597 (1967) (footnotes and citations omitted); *accord Patten*, 248 A.2d at 183 (government need not "invalidate every possibility" of innocence).

In applying this test, our cases hold that fingerprint evidence alone will not support a conviction if the object from which the prints are removed is both mobile and accessible to the accused or the public; such mobility and accessibility imply a reasonable, innocent explanation and thus preclude a reasonable inference that the fingerprints necessarily were left during the crime. *See Rhyne* (fingerprints recovered from stereo dustcover held insufficient because dustcover was mobile and accessible to appellant); *Townsley* (fingerprint on outside of drugstore's glass door, the point of entry for housebreaking, held insufficient because door accessible to public); *Borum*

4. Johnson's administrative assistant, Carol Rubin, was later called as a defense witness. On cross-examination, the prosecutor did not ask Rubin whether she had seen someone in Johnson's yard on an occasion before the date of the burglary (as Johnson reported she had) and, if so, whether appellant was the person whom she had encountered. *See supra* note 3. If the prosecutor had done so and Rubin had identified appellant as the person with whom she had spoken, then such testimony would have been probative of guilt and may also have provided a foundation for finding Johnson's speculative identification probative as well.

(fingerprints on jars that formerly contained valuable coins in home held insufficient because government adduced no evidence showing jars generally inaccessible to defendant); *Hiet* (fingerprints on broken car window held insufficient because car window was both mobile and accessible to public).[5]

Viewed in the light most favorable to the government, *Crawford v. United States*, 126 U.S.App.D.C. 156, 158, 375 F.2d 332, 334 (1967); *Curley v. United States*, 81 U.S.App.D.C. 389, 392–93, 160 F.2d 229, 232–33, *cert. denied*, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947), the evidence shows that appellant had touched an almost full can of K-Mart air freshener and that the can was found near the window through which someone gained unpermitted entry into the premises. But, given the mobility of a product commonly available in retail stores, "there is no evidence, either direct or circumstantial, which indicates that he touched the [can of air freshener] in the course of a housebreaking on" November 23, 1983. *Borum*, 127 U.S.App. D.C. at 49, 380 F.2d at 596 (emphasis omitted).

The government's own witness testified that appellant's fingerprints could have been on the can of air freshener for over a year (although the humidity in the bathroom would reduce the longevity of the latent prints). The government produced no evidence as to where or when complainant Johnson acquired the can, other than the implications that it came from K-Mart and was probably recently purchased because the can was almost full. Accordingly, the government failed to negate the most reasonable, innocent explanation for the presence of appellant's fingerprints on the can: that before Johnson had recently purchased the can—and thus before the date of the burglary—appellant had touched it while shopping at the K-Mart store closest to the neighborhood where both appellant and Johnson lived. *See supra* note 2.

"[T]o affirm the conviction in this case on fingerprint evidence alone ... would jeopardize the liberty of every person who ever touched anything later found at the scene of a crime." *Borum*, 127 U.S.App.D.C. at 50, 380 F.2d at 597 (Wright, J., concurring). Accordingly, we reverse for insufficient evidence of guilt.

*Reversed.*

---

5. In contrast, when the government shows that the object from which latent fingerprints are removed is either immobile or inaccessible to the accused or the public, the evidence may be sufficient to convict the individual whose prints match those on the object. *See In re M.M.J.*, 341 A.2d 421 (D.C.1975) (transom over inside door, through which forcible entry was made and from which prints were recovered, was inaccessible to public and to appellant); *Hawkins v. United States*, 329 A.2d 781 (D.C.1974) (dresser from which fingerprints were removed was generally inaccessible to appellant or to public); *Patten v. United States*, 248 A.2d 182 (D.C.1968) (fingerprints were recovered from paper bag containing burglary tools in an area generally inaccessible to public).