696 So.2d 420 (1997)
Daniel GAMBLE, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1923.
District Court of Appeal of Florida, Fifth District.
June 27, 1997.
Stephen R. Jewett of Steven R. Jewett, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
DAUKSCH, Judge.
This is an appeal from a conviction in a criminal case.
Appellant was being tried for various narcotics-related charges when one of the jurors became incapacitated and was excused. This left only five jurors to decide appellant's case. The case proceeded to verdict upon receiving a waiver of appellant's rights by his lawyer.
The accused was not informed by the court of his constitutionally mandated right to a six-person jury, nor was he consulted as to his wishes in that regard. Art. 1 § 22, Fla. Const.; Ballew v. Georgia, 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978). That was error and a new trial is the only remedy. See Blair v. State, 667 So.2d 834 (Fla. 4th DCA), rev. granted, 680 So.2d 421 (Fla.1996).
W. SHARP, J., concurs.
PETERSON, C.J., concurs specially, with opinion.
PETERSON, Chief Judge, concurring.
I write only to note the lesson to be learned here is that waiver of a full member jury should only be accepted by the trial judge when given personally by a defendant who has had his constitutional rights explained to him by his attorney or the court.