696 So.2d 420 (1997)
Barry Denard MUTCHERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02314.
District Court of Appeal of Florida, Second District.
June 27, 1997.
*421 James Marion Moorman, Public Defender, and Amy Porinchak Thornhill, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Barry Mutcherson appeals his convictions for three burglaries and three petit thefts. In separate trials, he was convicted of the three similar burglaries because his fingerprints were found on vandalized gum ball machines. A single fingerprint in a public place is usually insufficient evidence to prove the identity of a perpetrator. We conclude, however, that the cumulative finger and palm prints, from both of Mr. Mutcherson's hands, found on unusual locations on these broken machines constituted sufficient evidence to support the convictions in this case.
Someone burglarized the Penny Saver grocery store on 34th Avenue in Tampa on July 7, 1994, at about 4 a.m. Apparently using a large stone, the burglar broke through the front plexiglas door. Inside the store, the burglar vandalized a gum ball machine and two other machines. The machines were taken from their racks and the glass containers were found broken on the floor. The quarters in the machines and two rolls of quarters in the cash register were stolen.
*422 The police investigated the crime and obtained fingerprints from the broken machines. No fingerprints were obtained from the front of the machines, where customers would likely touch them. Instead, prints were found on the right rear glass, as well as the tops and bottoms of the machines. The prints that could be identified came from Mr. Mutcherson's left palm.
Eleven days later, someone burglarized the Silver Ring Cafe on 7th Avenue in Ybor City at approximately 4 a.m. The burglar broke the front glass window with a rock. When the owner first inspected the cafe, he did not think anything was missing. A few hours later, a gum ball machine was found behind an adjacent business. Fingerprints were obtained from the top and the sides of this machine. These prints were identified as Mr. Mutcherson's left index finger and partial palm print.
Four days after the Silver Ring burglary, someone burglarized the Continental Deli on 7th Avenue in Ybor City at approximately 4 a.m. The burglar broke the front plexiglas door and vandalized a gum ball machine. Fingerprints were obtained from the side and the base of this gum ball machine. Although some of the prints obtained had no comparison value, all of the identifiable prints belonged to Mr. Mutcherson. These prints matched his right index and right middle fingers.
When Mr. Mutcherson was arrested on August 11, 1994, he had 74 quarters, 40 dimes, 60 nickels, and 1 penny in his pockets.
In each trial, the jury heard testimony about the offense charged in the information and then learned about the other two burglaries as Williams[1] rule evidence. Each jury was informed of the large quantity of change Mr. Mutcherson had at the time of his arrest. Mr. Mutcherson was convicted of the charged burglary and petit theft in each case. The trial court sentenced him as a habitual offender to a total of 10 years' imprisonment, to be served consecutively to a sentence in an unrelated case.
Mr. Mutcherson argues, in each case, that the series of fingerprints was insufficient to prove a prima facie case of burglary, that the other burglaries should not have been introduced as Williams rule evidence, and that the coins in his pockets were inadmissible evidence. We reject all three arguments.
First, we recognize that a single fingerprint in a public location is not sufficient to establish the identity of the burglar. C.E. v. State, 665 So.2d 1097 (Fla. 4th DCA 1996); Lee v. State, 640 So.2d 126 (Fla. 1st DCA 1994); Amell v. State, 438 So.2d 42 (Fla. 2d DCA 1983). Unless there is other evidence of identity, the state must show that the prints could have been made only at the time the crime was committed. Amell, 438 So.2d at 42. This case involves three sets of fingerprints on vandalized machines under circumstances strongly suggesting that they were not the prints of a customer, but of a thief. Although we have located no precedent directly on point, we conclude that this cumulative evidence is sufficient to establish that Mr. Mutcherson committed the burglaries. Had the prints been on the front of all three machines, the outcome might be different.
Fingerprint evidence is merely a variety of circumstantial evidence. Where circumstantial evidence is the only evidence available, the jury must determine whether that evidence excludes all reasonable hypotheses of innocence after the trial court makes the determination that competent evidence of guilt exists. State v. Law, 559 So.2d 187, 189 (Fla.1989). Under Law, we conclude that the circumstantial evidence identifying Mr. Mutcherson as the burglar in these cases was sufficient to create a question for the jury to resolve.
The only issue involving circumstantial evidence in all of these cases is the identity of the burglar. The circumstances strongly suggest that all three crimes were committed by a single burglar. If this case involved only a single print on one machine at one store, it is clear that such circumstantial. *423 evidence would be insufficient. On the other hand, if this case involved one hundred burglaries, all with fingerprints from one man on the gum ball machines, unless the man worked for the gum distributor, the probability that his fingerprints would be coincidentally on all of the machines would be extraordinarily low. In such a case, it would be obvious the fingerprints were sufficient proof of guilt to submit the case to a jury. The question in this case is whether three burglaries within a two-week period in one small geographic area, all involving the defendant's fingerprints in similar unusual locations on the vandalized property, is sufficient evidence to support a conviction. We conclude that it is.
We also conclude that the trial court did not abuse its discretion by admitting evidence of the coins in Mr. Mutcherson's pockets at the time of his arrest. It is probable that the nickels and dimes were unrelated to these offenses because the gum ball machines only accepted quarters. Because Mr. Mutcherson was arrested over two weeks after the last robbery, he argues that the quarters could not be the fruit of these offenses and were improper Williams rule evidence of additional burglaries. The quarters were not introduced as Williams rule evidence, but rather on the theory that they were stolen in these burglaries. The trial court was free to decide that the burglar may not have spent all of the quarters in the period prior to Mr. Mutcherson's arrest. Although the probative value of this evidence may have been limited, we conclude that it had some tendency to prove that Mr. Mutcherson committed the burglaries. See, e.g. Council v. State, 691 So.2d 1192 (Fla. 4th DCA 1997) (gun in defendant's possession three weeks after armed robbery was admissible despite discrepancies in witness's description of gun); Williams v. State, 538 So.2d 73 (Fla. 4th DCA 1989) (cash seized during defendant's arrest was relevant to prove defendant possessed cocaine with intent to sell).
The Williams rule argument presents two issues. First, Mr. Mutcherson argues that the burglaries lack sufficient common characteristics to be admissible to prove that he was the perpetrator. These burglaries took place over a short period, in the same region, at the same time of day, using similar methods of entry, and targeting only the quarters in each store. Mr. Mutcherson's fingerprints were also found on each of the vandalized machines. We conclude the common characteristics shared in these unusual gum ball machine burglaries are sufficient to justify the admission of the collateral crimes.
Even if the crimes are sufficiently similar, Mr. Mutcherson argues that they were inadmissible because the state did not prove by clear and convincing evidence that he committed these crimes. See Audano v. State, 641 So.2d 1356 (Fla. 2d DCA 1994). We conclude that the circumstantial evidence of Mr. Mutcherson's finger and palm prints on the machines, the unusually large amount of change he carried in his pocket at the time of arrest, and the similarities of each burglary together establish clear and convincing evidence that Mr. Mutcherson committed the three crimes. Compare Phillips v. State, 591 So.2d 987 (Fla. 1st DCA 1991) (presence and subsequent flight from scene of burglarized home, coupled with evidence of defendant's fingerprints and possession of items missing from residence, constituted clear and convincing evidence connecting defendant to prior burglary), with State v. Norris, 168 So.2d 541, 543 (Fla.1964) (evidence of prior arsenic poisonings inadmissible where state failed to connect defendant to prior murders), and Dibble v. State, 347 So.2d 1096, 1097 (Fla. 2d DCA 1977) (mistrial should have been granted where detective implied that defendant engaged in prior criminal activity without offering proof that a prior crime was committed or that defendant committed prior crime). Admittedly, we are not examining each crime to determine whether there is separate, independent evidence that clearly and convincingly identifies Mr. Mutcherson as the burglar in each case. Under the circumstances in Mr. Mutcherson's case, we conclude that the Williams rule evidence can be assessed collectively to establish the necessary *424 level of proof.[2]
Affirmed.
DANAHY, A.C.J., and FRANK, J., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
[2] It is worth considering that at the time of the second trial, Mr. Mutcherson had already been identified beyond a reasonable doubt as the burglar in one of the Williams rule offenses. At the time of the final trial, he had been convicted of both Williams rule offenses.