756 So.2d 114 (2000)
Michael Louis SHORES, Appellant,
v.
STATE of Florida, Appellee.
No. 99-1149.
District Court of Appeal of Florida, Fourth District.
January 5, 2000.
*115 Richard L. Jorandby, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of burglary of a dwelling. The only evidence linking him to the burglary was one of his fingerprints on a box of ammunition in a drawer which had been ransacked by the burglar. We conclude that the trial court should have granted a judgment of acquittal.
The state's evidence reflected that a home had been burglarized and things taken from the living room and each of two bedrooms. In one of the bedrooms a drawer in a night stand had been left open, and the items contained in the drawer had been moved around by the burglar. A box of ammunition in the drawer, which the victim had purchased approximately two months earlier, contained a fingerprint of the appellant. There was no other evidence connecting appellant to the burglary. The victim was not sure, but thought he had purchased the ammunition at a Sports Authority. There was no evidence as to the freshness of the fingerprint, nor any testimony from a fingerprint expert.
In C.E. v. State, 665 So.2d 1097, 1098 (Fla. 4th DCA 1996), this court reversed a conviction based solely on fingerprint evidence found on a vehicle which had been burglarized. We began our opinion by stating:
Circumstantial evidence may support a conviction only if it is consistent with guilt and inconsistent with any reasonable hypothesis of innocence. State v. Law, 559 So.2d 187, 188 (Fla.1989). Where fingerprint evidence found at the scene is relied upon to establish identity, the evidence must be such that the print could have been made only when the crime was committed. Tirko v. State, 138 So.2d 388, 389 (Fla. 3d DCA 1962). Tirko was relied on by this court in Knight v. State, 294 So.2d 387, 389 (Fla. 4th DCA), cert. denied, 303 So.2d 29 (Fla.1974); see also Williams v. State, 247 So.2d 425, 426 (Fla.1971)(fingerprint evidence showed only that defendant had been at crime scene, not when he was there). If the state fails to show that the fingerprints could only have been made at the time the crime was committed, the defendant is entitled to a judgment of acquittal.
In C.E., the vehicle was a police crime scene van which, when parked, was in a place accessible to the public. In addition, it was dispatched throughout the county on a daily basis. The defendant's fingerprints were only on the exterior of a window which had been broken in the burglary.
Defendant's hypothesis of innocence in C.E. was that he could have innocently leaned against the van on another occasion when the vehicle was out and about, and the state did not prove that his prints were made at the time the crime was committed. Relying on the cases cited in the quote, we concluded that the circumstantial *116 evidence was not inconsistent with appellant's hypothesis of innocence and that the conviction had to be reversed. In the present case there was no testimony given as to how appellant's fingerprint got on the box of ammunition; however, his lawyer suggested in opening statement and argument that appellant could have touched the box of ammunition before the victim purchased it.
The Florida case most factually similar is Leonard v. State, 731 So.2d 712 (Fla. 2d DCA), rev. denied, 735 So.2d 1286 (Fla. 1999) in which, after a burglary and other crimes, the defendant's fingerprints were found on a candy bar wrapper in the victim's bedroom. Other candy bars of the same type were contained in a box in the victim's refrigerator. The defendant's girlfriend testified that she and the defendant had often shopped at the same supermarket used by the victim, and that the defendant would often pick up candy boxes, intending to purchase them for her children, but would sometimes have to return them if he did not have enough money. Although there was other evidence connecting appellant to the burglary, and his conviction was affirmed, the second district made it clear that the fingerprint evidence alone would have been insufficient for a conviction.
Similarly, in Mutcherson v. State, 696 So.2d 420 (Fla. 2d DCA 1997), the second district observed that a single fingerprint on a gumball machine which had been broken into, inside a store which had been burglarized, without more, would be insufficient to support a conviction. In that case, as in Leonard, there was other evidence sufficient to sustain the conviction.
Appellant also relies on In the Matter of J.C.M., Jr., 502 A.2d 472 (D.C.1985), in which a burglar had entered through a bathroom window. A can of air freshener, which had been on top of the toilet before the burglary, was in the waste basket, and contained the defendant's fingerprints. There was no other evidence to connect the defendant to the burglary. The court concluded that, given the fact that the air freshener was a product commonly available in retail stores, and thus accessible, the conviction could not stand. Applying the same analysis Florida uses, that the government had failed to negate a reasonable hypothesis of innocence, the court reversed the conviction.
Because fingerprints are unique, a defendant's fingerprints at the scene of a crime are compelling. On the other hand, where they are the only evidence linking the defendant to the crime, and where they are found only on an object which is accessible to the public, such as the candy wrapper in Leonard or the gumball machine in Mutcherson, they are insufficient to sustain a conviction. If the state had been able to establish in this case that the ammunition was purchased in a distant city, far from where appellant lived, or was not accessible to be touched by customers in the store where it was purchased, or that the prints were less than two months old, the outcome might well have been different. That type of evidence could have refuted appellant's hypothesis of innocence by showing that appellant's theory was so remote or unreasonable as to be inconsistent with the state's evidence. Under those circumstances, the case is submitted to the jury. Leonard, 731 So.2d at 719.
In this case, where the state failed to establish that the prints could only have been placed on the ammunition box at the time the crime was committed, we are compelled to reverse the conviction. Jaramillo v. State, 417 So.2d 257 (Fla.1982).
GUNTHER and FARMER, JJ., concur.