WARNER, C.J.
The jury found appellant guilty of burglary of an occupied structure and other crimes where the only evidence linking appellant to the burglary were his fingerprints on a car battery which apparently was thrown through the window of the burgled structure. Because the state failed to prove that the fingerprints could only have been made at the time the crime was committed, the trial court erred in denying the motion for judgment of acquittal on all the charges. We therefore reverse.
Latchin Rampersad was working as a night cashier at a Chevron gas station. Athough the store was open, it kept its doors locked for safety reasons and would only allow purchases to be made through a small window. On the night of the incident, Rampersad observed a grey car pull alongside the front door with two people inside. A few minutes later, while her back was turned from the front, she heard a crashing sound. She then turned and faced the door where she observed the shattered glass. There was an old battery laying on the floor. She noticed that one of the men had entered the store and was pulling on the register drawer. The man took the cash drawer and exited the store, leaving in the same grey car.
The battery was processed for fingerprints, and two of the prints matched appellant’s fingerprints. The victim, Ram-persad, was asked to identify appellant from a photo lineup but could not. At trial, she also could not identify him and acknowledged that the person that she had described to police as being the perpetrator was a slender man, while appellant was heavy or fat.
We considered this same issue recently in Shores v. State, 756 So.2d 114 (Fla. 4th DCA 2000), where the only evidence finking the suspect to the burglary was a fingerprint on a box of ammunition in a drawer which had been ransacked by the burglar. We noted that where fingerprints are the only evidence and are found on an object which is accessible to the public, fingerprints alone are insufficient to sustain a conviction. See id. In Shores, the prints were found on the box that could have been purchased at a local Sports Authority. Thus, it was bought at a place accessible to the public and where the defendant could have handled the box.
*996 Similarly, in the instant ease there was no evidence of where the battery came from, who owned the battery, or how many persons could have had access to it. The state failed to show that the fingerprints could only have been made at the time of the burglary. The circumstantial evidence did not overcome appellant’s reasonable hypothesis of innocence. Consequently, the Shores analysis applies, and appellant is entitled to a judgment of acquittal.
Reversed and remanded to vacate the conviction and sentence and discharge appellant.
STONE and POLEN, JJ., concur.