NORTHCUTT, Chief Judge.
Charged with burglary, Robert Leon Hill was convicted of trespass as a lesser charge. On the basis of that offense, the trial court found that Hill had violated his probation and ordered it revoked. We reverse.
The State alleged that Hill burgled an antiques store in Dunedin. The store was located in an old house, and the burglar apparently entered by breaking a window that faced an alley behind the house. Hill’s thumbprint and partial palm print were found on a piece of glass resting on the ground at the scene. But the State’s witnesses could not say when the prints had been left or whether they had been left on the inside of the windowpane or the outside. Pedestrians were known to use the alley, and there were no fences restricting access from the alley to the store. Hill testified that one night as he walked down the alley on his way home from work, he paused behind the store to relieve himself and leaned his hand against the window as he did so.
Thus, the only evidence pointing to Hill as the culprit was the circumstance that his fingerprints were found at the scene. To support a conviction based on circumstantial evidence, the circumstances must be consistent with guilt and inconsistent with any reasonable hypothesis of innocence. State v. Law, 559 So.2d 187, 188 (Fla.1989). Consistent with that rule, a fingerprint left in a location accessible by the public, without more, is insufficient to establish the identity of the culprit. “Unless there is other evidence of identity, the state must show that the prints could have been made only at the time the crime was *656 committed.” Mutcherson v. State, 696 So.2d 420, 422 (Fla. 2d DCA 1997) (citations omitted). The State made no such showing in this case.
The State argues that this window was not accessible to the general public, but the evidence demonstrated otherwise. Specifically, the State’s position on this point is negated by photographs depicting the broken window and by the store owner’s testimony regarding pedestrian traffic in the alley. The State also contends that the fingerprints were consistent with someone pulling the broken glass out of the frame. This would be true if prints had been left on both sides of the glass. They were not. In sum, the only evidence implicating Hill were the fingerprints, and the State failed to show that the prints could only have been made at the time of the crime. Accordingly, we must reverse. See, e.g., Ballard v. State, 923 So.2d 475 (Fla.2006) (reversing murder and robbery convictions in circumstantial evidence case where state failed to prove defendant left fingerprint and hair at scene during commission of crime rather than during earlier, innocent visits to premises); Wilkerson v. State, 232 So.2d 217 (Fla. 2d DCA 1970). The State does not dispute Hill’s assertion that this theory applies equally to the trespassing conviction as it would to a burglary conviction.
We reverse Hill’s trespass conviction and remand for a discharge on this offense. We also reverse the revocation of probation, which was based solely on the trespassing conviction, and we remand for Hill’s reinstatement to probation.
Reversed and remanded with directions.
LaROSE, J„ and DAKAN, STEPHEN L., Associate Senior Judge, Concur.