NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

L.A.R.,                                         )
                                                )
        Appellant,                       )
                                                )
v.                                              )    Case No. 2D14-429
                                                )
STATE OF FLORIDA,                               )
                                                )
        Appellee.                        )
_____ )

Opinion filed January 16, 2015.

Appeal from the Circuit Court for
Hillsborough County; Rex M. Barbas,
Judge.

Howard L. Dimmig, II, Public Defender,
and Richard J. Sanders, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa, for
Appellee.


BLACK, Judge.

           L.A.R. appeals the withhold of adjudication and disposition order relating

to charges of burglary of an unoccupied conveyance and petit theft.  L.A.R. contends

that the trial court erred in denying his motion for dismissal because the fingerprint evidence was insufficient to establish that he committed the crimes. We agree. Since the only evidence implicating L.A.R. were his fingerprints found on a bag containing a newspaper that was left in the vehicle by someone other than the victim and the State failed to show that the fingerprints could only have been made at the time of the crime, reversal is appropriate. See Hill v. State, 973 So. 2d 655, 656 (Fla. 2d DCA 2008) (reversing burglary conviction where "the only evidence implicating [the appellant] were the fingerprints, and the State failed to show that the prints could only have been made at the time of the crime"); Seneca v. State, 760 So. 2d 995, 995-6 (Fla. 4th DCA 2000) (holding that "where the only evidence linking appellant to the burglary were his fingerprints on a car battery apparently thrown through the window of the burgled structure" and "the state failed to prove that the fingerprints could only have been made at the time the crime was committed, the trial court erred in denying the motion for judgment of acquittal"); Shores v. State, 756 So. 2d 114, 115-16 (Fla. 4th DCA 2000) (holding that where "[t]he only evidence linking [the appellant] to the burglary was one of his fingerprints on a box of ammunition in a drawer which had been ransacked by the burglar," the evidence was insufficient to sustain a conviction because the ammunition box was accessible to the public at the sporting goods store before being purchased there by the victim).

Reversed and remanded to vacate the dispositions.


KELLY and WALLACE, JJ., Concur.