ORFINGER,'J.
C.P.C. appeals the trial court’s order adjudicating him delinquent for burglary of an unoccupied dwelling and grand theft. He contends that the trial court erred .by denying his motion for judgment of dismissal. We agree, and reverse.
Jeremy Paxton • returned home from work to discover his bedroom in. disarray. At the time, he did not notice anything missing. However, a few days later, he discovered that his PlayStation 3, Fossil watch, and iPod Touch had disappeared, and contacted the Marion County Sheriffs Department. -The responding deputy concluded that the thief entered through a window at the rear of Mr. Paxton’s apartment, as the curtains were torn and the screen was on the ground outside the window. The window slid up, measured three feet wide by five feet tall, was about two feet from the ground, and faced a then- *378 vacant apartment building about fifty feet away. Although a sidewalk connected the doors of the two apartment buildings, no sidewalk went past Mr. Paxton’s window. The deputy pulled five latent fingerprints from the bottom window pane, three of which belonged to C.P.C., who was subsequently charged with burglary of a dwelling and grand theft. At the adjudicatory hearing, C.P.C. moved for judgment of dismissal, contending that there was no evidence as to when the fingerprints were left on the window and they were in a place accessible to the public. The trial court denied the motion and adjudicated C.P.C. guilty.
A motion for judgment of dismissal tests the legal sufficiency of the State’s evidence and is reviewed de novo.[1] A.P.R. v. State, 894 So.2d 282, 285 (Fla. 5th DCA 2005). A defendant is entitled to a judgment of acquittal when a fingerprint is found on an item or in an area accessible to the general public, and no evidence establishes that the print was made at the time of the crime. K.S. v. State, 814 So.2d 1190, 1192 (Fla. 5th DCA 2002); Sorey v. State, 419 So.2d 810, 812 (Fla. 3d DCA 1982). In order to support a conviction based on circumstantial evidence, the State must provide evidence that is consistent with guilt and inconsistent with any reasonable hypothesis of innocence. See State v. Law, 559 So.2d 187, 188 (Fla.1989). “Consistent with that rule, a fingerprint left in a location accessible by the public, without more, is' insufficient to establish the identity of the culprit.” Hill v. State, 973 So.2d 655, 655 (Fla. 2d.DCA 2008).
At the adjudicatory hearing, Mr. Paxton acknowledged that he had known C.P.C. for four years and both lived at the same apartment complex. They spent time together and, on one occasion, C.P.C. visited Mr. Paxton’s apartment, remaining only in the living room. The investigating officers admitted that there was nothing restricting access to Mr. Paxton’s apartment complex or the area outside his window. C.P.C. had been in the vicinity of the window when visiting a tenant who resided in the adjacent building when it was occupied, and told one officer that he would “hang out” with friends in the area behind Mr. Paxton’s apartment. Further, while the fingerprints were pulled from the bottom panel of the window, it was uncertain where they were found on the bottom panel.
C.P.C. relies on C.E. v. State, 665 So.2d 1097 (Fla. 4th DCA 1996), to support his contention that the State failed' to present sufficient evidence to refute his theory of innocence. In C.E., a van, which responded to crime scenes, was parked in the sheriffs office parking lot. Although the lot was restricted to police personnel, the general public had the ability to drive into it. The juvenile’s fingerprints were found on the exterior of the van’s window and were the only evidence of the juvenile’s guilt. Since the van was parked in an area accessible to the public and had been present at other crime scenes prior to the burglary, the court found that the state failed to prove that the juvenile’s fingerprints were made at the time of the crime, as there were other opportunities for the juvenile’s fingerprints to have been placed on the vehicle. Id. at 1098.
The evidence presented here neither precludes that C.P.C.’s fingerprints may have been placed on the window before the crime took place nor indicates that they were taken from a place where he might *379 have placed his hands in order to open the window. See Walker v. State, 656 So.2d 950, 951 (Fla. 5th DCA 1995). While the fingerprints' could be consistent with C.P.C. placing his hands on the window to gain access to the apartment, they could also be consistent with C.P.C. leaning against the window, as he claimed. Consequently, we must reverse the trial court’s denial of C.P.G.’s motion for dismissal See, e.g., Ballard v. State, 923 So.2d 475 (Fla.2006) (reversing convictions, in circumstantial evidence case where state failed to establish that fingerprints found at crime scene were made at time of crime and could not have been made during earlier, innocent visit to premises); Williams v. State, 740 So.2d 27, 28 (Fla. 1st DCA 1999) (reversing convictions solely based on fingerprint evidence from VCR found in open, public location and holding defendant’s hypothesis that prints were made when he handled VCR on well-traveled road, was reasonable as matter of law).
REVERSED.
TORPY and WALLIS, JJ., concur.

. The standard that applies to a motion for judgment of acquittal in a criminal case applies to a motion for judgment of dismissal in a delinquency case. T.N. v. State, 929 So.2d 1133, 1135 (Fla. 5th DCA 2006).