PER CURIAM.
Appellant pleaded guilty to and was convicted of armed robbery and kidnapping. The trial judge, departing from the sentencing guidelines, imposed a prison sentence of 30 years for the armed robbery, including a mandatory minimum sentence of three years for using a firearm to commit the crime, and imposed a consecutive sentence of 10 years for the kidnapping, followed by 10 years probation. All parties agree that Appellant’s companion displayed a pistol throughout the incident, but that Appellant was never in actual possession of the firearm. This court affirmed the conviction and sentence without a written opinion. Nesbitt v. State, 650 So.2d 711 (Fla. 1st DCA 1995).
Appellant now challenges the trial court’s denial of his motion for post conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We find no merit in any of the points Appellant raises, save one: The three-year mandatory minimum sentence imposed pursuant to section 775.087(2), Florida Statutes, was improper, and should have been challenged on direct appeal. While one need not actually be armed to be charged with and found guilty of armed robbery, Lewis v. State, 625 So.2d 102 (Fla. 1st DCA 1993), the mandatory minimum sentence must be supported by a factual basis that demonstrates actual possession of the firearm during the commission of the crime. Bell v. State, 589 So.2d 1374 (Fla. 1st DCA 1991). As the record conclusively demonstrates that the State conceded the fact that Appellant was unarmed, such a factual basis could not have been demonstrated.
Accordingly, we remand to the trial court with instructions to vacate the three-year mandatory minimum sentence. No hearing is necessary and Appellant’s attendance is not required. We affirm in all other respects.
MINER and LAWRENCE, JJ., and SHIVERS, Senior Judge, concur.