693 So.2d 1136 (1997)
Kenneth KENNY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2057.
District Court of Appeal of Florida, First District.
May 22, 1997.
Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; James W. Rogers, Senior Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant pled guilty to the crime of armed robbery. He was adjudicated guilty and sentenced as an habitual violent felony offender to twenty years in prison with a mandatory minimum term of ten years. Pursuant to section 775.087(2), Florida Statutes (1995), the court also imposed a three-year mandatory minimum for possession of a firearm during the offense. In the instant case, appellant challenges the court's imposition of this three-year mandatory minimum.
At both the plea and sentencing hearings appellant contended that his co-defendant, not he, was in actual possession of the firearm during the offense. Conceding that the evidence on this point was conflicting, the state argued that appellant's ownership of the gun and the use of that gun during the offense was sufficient basis for imposition of the three-year sentence enhancement. We have previously stated that a defendant not actually armed still may be adjudicated guilty of armed robbery, but imposition of the three-year mandatory minimum under section 775.087(2) must be supported by a factual basis demonstrating actual possession *1137 of the firearm during commission of the offense. Nesbitt v. State, 677 So.2d 1381 (Fla. 1st DCA 1996). The record in the instant case does not demonstrate a factual basis of actual possession, which leaves only the state's gun ownership argument as the basis for the court's imposition of the three-year mandatory minimum. Imposition of the three-year sentence enhancement, therefore, was error. Demps v. State, 649 So.2d 938, 939 (Fla. 5th DCA 1995)(vacating three-year mandatory minimum in direct appeal from nolo plea and stating the following: "While this evidence is sufficient to convict Demps of armed robbery on the theory he was a principal to the crime, it is not adequate to warrant the imposition of the minimum mandatory sentence. More than vicarious or constructive possession of the firearm is required by section 775.087(2). The state must prove the defendant had actual physical possession of the firearm during the course of the commission of the felony.")
Accordingly, we vacate the three-year mandatory minimum sentence and remand for further proceedings consistent with this opinion. As we stated in Nesbitt, no hearing is necessary, and appellant's attendance is not required. In all other respects, appellant's judgment and sentence are affirmed.
MINER, LAWRENCE and PADOVANO, JJ., concur.