777 So.2d 456 (2001)
Travis LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-4166.
District Court of Appeal of Florida, Fourth District.
February 14, 2001.
*457 Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Gary K. Milligan, Assistant Attorney General, Fort Lauderdale, for appellee.
WARNER, C.J.
Appellant challenges his convictions for burglary of a dwelling and grand theft on the ground that the sole evidence of his participation was his fingerprints on a cash container found in the residence. He claims that this was insufficient circumstantial evidence that he committed the crime. Because the state offered evidence inconsistent with appellant's theory that his fingerprints could have been placed there at some time other than the time of the burglary, we affirm.
The victims testified that they left for work one morning, and when they returned that evening, they noticed a television missing in the living room, and several other items were missing from their home where they had lived for two or three years. In their bedroom, they found a Tupperware container, usually on top of the dresser, on the floor. The change and money rolls they kept in the container were gone. The victims had been keeping their change in the Tupperware container on top of the dresser for over a year. Thus, someone had removed the Tupperware container from its place to take the money. They did not know appellant and had not given him permission to be in their house.
The police were able to lift a lot of fingerprints from the Tupperware container. Some of them were of no value because they were mere smudges. However, three were of value, and all three were identified as being appellant's prints. A fingerprint examiner testified that although fingerprints can last indefinitely on an object unless cleaned, if an item is handled a number of times, then prints would be overlayed by other prints and could not be identified. The prints identified as appellant's, found on the container, did not have any overlays on them.
Fingerprints are circumstantial evidence that a defendant committed a crime. See Jaramillo v. State, 417 So.2d 257, 257 (Fla.1982). We recently addressed the analysis required in circumstantial evidence cases in Griggs v. State, 753 So.2d 117, 119 (Fla. 4th DCA 1999):
In State v. Law, 559 So.2d 187, 188 (Fla.1989), the supreme court held that:
[w]here the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. The question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, we will not reverse. *458 (Citations omitted). The court went on to discuss the process of analysis in such a case:
[T]he state is not required to "rebut conclusively every possible variation" of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant's theory of events. See Toole v. State, 472 So.2d 1174, 1176 (Fla.1985). Once that threshold burden is met, it becomes the jury's duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.
Id. at 189 (citation omitted). In Barwick v. State, 660 So.2d 685, 695 (Fla. 1995), cert. denied, 516 U.S. 1097, 116 S.Ct. 823, 133 L.Ed.2d 766 (1996), the court reiterated that the state's burden was only to offer evidence inconsistent with the defendant's theory of innocence: "[T]he State need not conclusively rebut every possible variation of events which could be inferred from [the defendant's] hypothesis of innocence. Whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to decide." (emphasis in original) (citations omitted). See also Arroyo v. State, 705 So.2d 54, 56 (Fla. 4th DCA 1997).
Thus, the state's evidence need only be inconsistent with the defendant's reasonable hypothesis of innocence, and it does not have to conclusively rebut it.
The state satisfied its burden in the instant case. Appellant's theory was that his fingerprints could have been placed on the Tupperware container some time other than during the burglary. However, his hypothesis is supported only by the fact that fingerprints can last forever on an item. In the instant case, there was no evidence as to exactly how long the victims had possessed this particular container, but they had used it for at least a year. There is no evidence as to where the Tupperware container came from, and there was no evidence that it was purchased at a store where the public had access to it. The state further proved that there were no overlays on appellant's fingerprints. If a container is handled, fingerprints would be overlayed with other prints. The fact that there were no overlays on appellant's prints is inconsistent with his hypothesis that he had touched this container sometime before it came into the victims' possession. The victims testified that they used it and thus would have handled it for over a year prior to the burglary, providing multiple opportunities for the overlay of fingerprints, if any, existing prior to the victims' acquisition of the container. The state further proved that the container had been moved in the burglary from atop the dresser to the floor, providing the opportunity for the burglar to leave prints on the container.
We distinguish Shores v. State, 756 So.2d 114 (Fla. 4th DCA 2000), in which we held that fingerprint evidence alone was insufficient to sustain a conviction. In that case, the defendant's fingerprint was found on a box of ammunition that the victim had purchased at a Sports Authority store about two months prior to the burglary. Thus, there was evidence that the object on which the fingerprint was found was in a public place within a reasonably short time prior to the burglary, and the defendant could have handled it there. The facts in the instant case do not show that the Tupperware container was ever in a public place where the appellant might have had access to it.
Seneca v. State, 760 So.2d 995 (Fla. 4th DCA 2000), is also factually distinguishable. There, we held that fingerprint evidence was insufficient to sustain a conviction where the fingerprints were found on a battery which had been thrown through the window of a gas station. There was no testimony as to where the battery came from, who owned it, or how many people may have had access to it. In contrast, the Tupperware container in the instant case had been in the constant possession of *459 the victims for over a year, and appellant had no access to it.
Because the totality of the evidence presented by the state is inconsistent with appellant's hypothesis of innocence, appellant's conviction and sentence are affirmed.
FARMER and TAYLOR, JJ., concur.