STEVENSON, J.
 

 Roberto Lemus was tried by jury and convicted of two counts of aggravated assault, with a firearm, on a law enforcement officer (counts I and II) and one count of discharging a firearm in public (count III).
 
 *775
 
 Relying upon the so-called “10/20/life” provision of the Florida Criminal Code, the judge sentenced Lemus to a twenty-year mandatory minimum term of incarceration for counts I and II and to time served for count III. In this appeal, Lemus asserts (1) that the trial court erred in denying his motion for judgment of acquittal in light of the evidence regarding his insanity at the time of the commission of the crimes and (2) that the evidence did not permit a finding that he discharged a firearm during the commission of the aggravated assaults, and, thus, the imposition of sentence under the 10/20/life statute was in error. We affirm Lemus’s convictions without further comment. We find merit in his argument regarding the sentence and write to address that issue.
 

 The evidence at trial established that, at around 8 a.m., police responded to an apartment on S.W. 44th Terrace after the defendant’s father called 911. After being there about ten minutes, police heard a gunshot and, thereafter, myriad officers arrived as back-up and the SWAT team was called. Twenty to thirty minutes later, the defendant came out of the apartment with a gun in his hand, ignored commands for him to drop the gun, fired a shot into the ground, and went back inside the apartment.
 

 At about 9 a.m., SWAT members heard gunshots inside the apartment and took steps to attempt to see inside the apartment. At around 4 p.m., the defendant came out of the apartment and aimed his gun at Deputy Brady (aggravated assault count I), retreating inside the apartment when the SWAT containment team fired shots. This happened twice more and, during one of the encounters, the defendant also aimed his gun at Deputy Davis (aggravated assault count II). The defendant did not, however, fire his gun during these encounters when he pointed the gun at Deputies Brady and Davis. The defendant, who had been shot, exited the apartment a final time, complied with the officers’ commands, and was arrested without further incident.
 

 Section 775.087(2)(a)2., Florida Statutes (2005), provides that
 

 [a]ny person who is convicted of a felony or an attempt to commit a felony listed in sub-subparagraphs (a)l.a.-q. [which includes aggravated assault], regardless of whether the use of a weapon is an element of the felony, and
 
 during the course of the commission of the felony
 
 such person discharged a “firearm” or “destructive device” as defined in s. 790.001 shall be sentenced to a minimum term of imprisonment of 20 years, (emphasis added).
 

 The defendant admits that he discharged a firearm during the stand-off with police. He insists, however, that the plain language of the statute provides for the imposition of the mandatory minimum sentence only if he discharged the firearm “during the commission of the felony,” i.e., the aggravated assaults on Deputies Brady and Davis, and that the evidence at trial does not permit such a finding. The meaning of the words “during the commission of the felony” is a question of statutory construction. Principles of statutory construction require that the statute’s words be afforded their plain meaning, and, if there is any ambiguity, such ambiguity must be resolved in favor of the defendant (the rule of lenity).
 
 See, e.g., Gonzalez v. State,
 
 941 So.2d 1226, 1229 (Fla. 5th DCA 2006);
 
 see also
 
 § 775.021(1), Fla. Stat.
 

 Applying these principles to the present case, we agree that the evidence could not support a finding that the defendant discharged a firearm during the commission of the aggravated assaults on Deputies Brady and Davis. The aggravated assaults were committed when the defendant, using a gun, threatened and placed
 
 *776
 
 in fear Deputies Brady and Davis.
 
 See
 
 §§ 784.011(1) (defining crime of assault), 784.021 (defining crime of aggravated assault), 784.07(2)(c) (defining crime of aggravated assault on a law enforcement officer). The State argues that the phrase “during the course of’ contained in section 775.087(2)(a)2. should be interpreted to mean any action occurring during the “temporal episode” surrounding the charged criminal offense. The State thus maintains that since Lemus fired a revolver while earlier engaged in the standoff, the weapon was fired during the “criminal episode” of the aggravated assault offenses. We reject the State’s broad interpretation of the statute as contrary to both the plain meaning of the statute and the “rule of lenity.” The evidence at trial established that the defendant’s discharge of the firearm, by firing a shot into the ground, took place some seven hours prior to his threatening Deputies Brady and Davis with a gun, i.e., the commission of the aggravated assaults. Indeed, there was no evidence that either Deputy Brady or Deputy Davis actually saw, or was aware of, the defendant firing a shot into the ground. Under the circumstances of this case, it cannot be said that the discharge of the firearm occurred “during the course of the commission” of either of the aggravated assault charges.
 

 Accordingly, the twenty-year mandatory minimum sentences imposed for counts I and II, pursuant to the 10/20/life statute, are therefore reversed and the matter is remanded for re-sentencing as to these counts.
 

 Affirmed in Part; Reversed in Part; and Remanded.
 

 GROSS, C.J., and POLEN, J., concur.