VAN NORTWICK, J.
 

 Edwin Morges challenges his convictions for robbery, arson, and grand theft of an automobile. Because the trial court erred in denying the motion for acquittal as to the charge of arson, we vacate that conviction and remand for resentencing. On the remaining convictions, we affirm.
 

 On January 25, 2008, a van was stolen from a medical supply company in Pensacola. Later that day, that van was seen to be parked behind Advance America, a same-day loan business. The officer who spotted the van stayed to observe while back-up was en route. Two men wearing hooded sweatshirts were observed exiting the van and approaching the store. Shortly thereafter, these men were seen running from the store to the van with a cash drawer. The van fled away at a high rate of speed until coming to a stop at the end of a street in a residential neighborhood. The van had been set on fire. Witnesses directed law enforcement in the direction in which the van occupants were seen fleeing on foot. With the assistance of a police dog, law enforcement approached a residence. A man, a woman and a child were outside this residence in an automobile. When police approached, a gun was observed being held by the child in the back seat of the automobile. Also observed in the vehicle was a skull cap and
 
 *117
 
 black jacket. The surname given by the male occupant of the vehicle — Ayala—was found to match an outstanding warrant. According to police, appellant was located in the residence. A black ski mask was found in the residence as was ten pounds of marijuana. Over $600 was found in a bundle on top of the refrigerator.
 

 At the conclusion of the State’s case-in-chief, appellant moved for a judgment of acquittal arguing, in part, that the State produced “no evidence that links [appellant] to the robbery or the theft of the car or the arson.” The trial court denied the motion as to all three charges.
 

 A judgment of conviction comes to an appellate court clothed with the presumption of correctness, and a defendant’s claim of insufficiency of evidence cannot prevail where there is competent, substantial evidence to support the judgment.
 
 Donaldson v. State,
 
 722 So.2d 177, 182 (Fla.1998). There is sufficient evidence to sustain a conviction if, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt.
 
 Troy v. State,
 
 948 So.2d 635 (Fla.2006). A trial court’s denial of a motion for a judgment of acquittal raising the sufficiency of the circumstantial evidence on the issue of identity is reviewed
 
 de novo. Fowler v. State,
 
 987 So.2d 111 (Fla. 1st DCA 2008). Circumstantial evidence which creates nothing more than a strong suspicion that a defendant committed the crime is not sufficient to support a conviction.
 
 Cox v. State,
 
 555 So.2d 352 (Fla.1989).
 

 As to the arson charge, the State established that the stolen van was set on fire by use of gasoline before it was abandoned. Witnesses saw two males flee from the van and run in the direction where appellant and Mr. Ayala were apprehended. While it is likely one of the men poured the gas about the van before fleeing, there is no evidence of record suggesting who poured the gasoline or who lit the fire. While the State notes on appeal that Mr. Ayala’s girlfriend testified that she never smelled gasoline on his person, such a fact hardly supports appellant’s conviction for arson. Accordingly, the arson conviction is vacated.
 

 We affirm as to the remaining issues raised on appeal, and we remand for entry of a scoresheet to reflect the vacation of the arson conviction and for resentencing as to the remaining convictions.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 CLARK and MARSTILLER, JJ„ concur.