MARSTILLER, J.
 

 Appellant Jacques Amilcar was charged by amended information with Criminal Use of Personal Identification Information (Counts I and II), Grand Theft Over $20,000 (Count III), and Grand Theft Over $300 (Count IV). The charges arose after Mr. West Leland discovered that unbeknownst to him someone had opened a Walmart Discover Card account in his name. While investigating Mr. Leland’s complaint, a detective with the Leon County Sheriffs Office discovered evidence indicating Appellant had opened not only that account using Mr. Leland’s personal information, but also two credit accounts with Wells Fargo Bank. Count I of the amended information alleged that Appellant fraudulently used Mr. Leland’s personal identification information to obtain a pecuniary benefit of $5,000 or more. Count II similarly charged Appellant with fraudulent use of Mr. Leland’s personal identification information but did not allege he did so for pecuniary benefit. Count III alleged grand theft of U.S. currency valued at $20,000 or more from Wells Fargo Bank, and Count IV alleged grand theft of U.S. currency valued at $300 or more from GE Money Bank/Walmart.
 

 A jury found Appellant guilty as charged on Counts I, III, and IV, and not guilty on Count II. Appellant does not challenge the guilty verdict as to Count I. He asserts on appeal only that, as to Counts III and IV for grand theft, the trial court should have granted his motion for judgment of acquittal because the state produced no evidence proving he obtained or used, or endeavored to obtain or use, the property of Wells Fargo Bank and GE Money Bank/Walmart. We affirm Appellant’s conviction and sentence on Count III, but vacate his conviction on Count IV as the evidence in the record is insufficient to sustain the jury’s verdict on that charge.
 
 *
 

 As to Count III, the evidence adduced at trial showed that Appellant applied to Wells Fargo Bank for business credit using Mr. Leland’s social security number and other personal information. The business, Fantasy Beauty and Nail Salon, Inc., was not in operation but was simply an entity Appellant incorporated around the same time. Appellant requested and obtained two credit cards: one in Mr. Leland’s name and one in Appellant’s name. The cards, bills, and other account documents were mailed, on Appellant’s request, to a Post Office box rented eontinu-
 
 *423
 
 ously by Appellant since December 31, 2003. Mr. Leland did not have a key to the mail box, he received neither the cards nor any correspondence from Wells Fargo Bank related to the accounts opened by Appellant, and he was completely unaware the accounts existed.
 

 The cards had to be activated before they could be used. Activation occurs via telephone, either by speaking to a Wells Fargo Bank representative and answering certain security questions, or by using the automated process. The latter can only be initiated from the telephone number given on the credit application. The number Appellant provided when he applied for credit belonged to neither Mr. Leland nor his wife. By March 10, 2006, a little more than a month after the accounts - were opened, the combined outstanding balance was $31,956.57, and both account balances exceeded their credit limits. Wells Fargo Bank froze the accounts on or about that date. We find this evidence sufficient for a jury to find that Appellant is the individual who used the credit cards he fraudulently obtained from Wells Fargo Bank to rack up nearly $32,000 in unpaid charges. Therefore, Appellant’s motion for judgment of acquittal on Count III was properly denied.
 
 See State v. Law,
 
 559 So.2d 187, 189 (Fla.1989) (stating that where evidence of guilt is circumstantial, the trial court, on motion for judgment of acquittal, determines whether the state’s evidence is sufficient for jury to infer guilt to the exclusion of all other inferences).
 

 In contrast, the evidence the state presented on Count IV and the GE Money Bank/Walmart showed only that charges totaling $2,291 were made to this account opened fraudulently in Mr. Leland’s name by someone. There is nothing in the record tying Appellant to the use of this credit card other than evidence showing several of the charges were made in or near Quincy, Florida, and that Appellant supplied a Quincy street address as his address on the Articles of Incorporation for Fantasy Beauty and Nail Salon, Inc. This scant evidence was insufficient to survive a motion for judgment of acquittal.
 
 See Morgen v. State,
 
 33 So.3d 115, 116 (Fla. 1st DCA 2010) (“Circumstantial evidence which creates nothing more than a strong suspicion that a defendant committed the crime is not sufficient to support a conviction.”).
 

 We affirm Appellant’s conviction and sentence on Count III, vacate the conviction on Count IV, and remand for resen-tencing.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 WEBSTER and WETHERELL, JJ., concur.
 

 *
 

 We review the trial court’s ruling on a motion for judgment of acquittal
 
 de novo. Seo Huggins v. Slate,
 
 889 So.2d 743, 765 (Fla.2004);
 
 Jones v. State,
 
 790 So.2d 1194, 1196 (Fla. 1st DCA 2001).