COHEN, J.
 

 Willie Sims appeals his conviction, following a jury trial, for the offenses of attempted second-degree murder, aggravated battery with a firearm, aggravated assault with a firearm, and possession of a firearm by a convicted felon.
 
 [1]
 
 The jury returned special verdicts finding Mr. Sims possessed and discharged a firearm while committing attempted second-degree murder, and possessed a firearm while committing aggravated assault.
 

 The events leading up to the charges began with a card game in which the victim, Bobby Sullivan, won a substantial amount of money from Mr. Sims. Mr.
 
 *1224
 
 Sullivan went home after the game and was there for a number of hours when he heard a knock at the back door of his apartment. Mr. Sullivan opened the door to see Mr. Sims and Jerrail Brown, Mr. Sims’ eodefendant. Both carried firearms. Mr. Sullivan quickly closed and locked the door. When the two defendants attempted to break through the door, he tried to buttress the door with a table. When it became apparent the door would not hold, Mr. Sullivan moved toward a window in an effort to escape. As he did so, three shots were fired through the middle of the closed door, two of which struck him. He jumped through the window and ran to safety. Mr. Sullivan could not identify which of the two defendants outside the door had fired the shots.
 

 Two issues are raised on appeal, only one of which merits discussion. Mr. Sims argues the evidence was insufficient to support the imposition of the twenty-year minimum mandatory sentence on the attempted second-degree murder and aggravated assault counts, pursuant to subsection 775.087(2)(a)l., Florida Statutes (2008),
 
 [2]
 
 because there was no evidence that he discharged a firearm.
 
 [3]
 
 We agree and reverse for the trial court to impose the ten-year minimum mandatory for possession of a firearm on the attempted second-degree murder charge and the three-year minimum mandatory for the aggravated assault count, pursuant to that same statute.
 
 [4]
 

 In the context of possession of a firearm by a convicted felon, this court has interpreted subsection 775.087(2)(a)l.’s use of “actually possessed” to require evidence that the defendant actually carried the firearm in order to impose the three-year minimum mandatory.
 
 See Redding v. State,
 
 996 So.2d 875 (Fla. 5th DCA 2008);
 
 Johnson v. State,
 
 855 So.2d 218 (Fla. 5th DCA 2003). Evidence of ownership without physical control, constructive possession, or possession under the principal theory is insufficient.
 

 Similarly, in
 
 Kenny v. State,
 
 693 So.2d 1136 (Fla. 1st DCA 1997), the court reversed the imposition of the three-year mandatory minimum for possessing a firearm during the commission of an armed robbery. Recognizing that an unarmed defendant could be charged and convicted of armed robbery under a principal theory, the court held that imposing the minimum mandatory provision of subsection 775.087(2) required a “factual basis demonstrating actual possession of the firearm during commission of the offense.”
 
 Id.
 
 at 1136-37.
 

 Like subsection 775.087(2)(a)l., the language of subsection 775.087(2)(a)2. also demonstrates the legislative intent that only the person who actually discharges a firearm during the commission of the enumerated offenses be subject to an increased term of imprisonment. The statute provides:
 

 2. Any person who is convicted of a felony or an attempt to commit a felony listed in sub-subparagraphs (a)l.a.-q., regardless of whether the use of a weap
 
 *1225
 
 on is an element of the felony, and during the course of the commission of the felony
 
 such person
 
 discharged a “firearm” or “destructive device” as defined in s. 790.001 shall be sentenced to a minimum term of imprisonment of 20 years.
 

 (Emphasis added).
 

 Within the context of subsection 775.087(2)(a)2., “such person” clearly refers back to “[a]ny person who is convicted.... ” This necessarily requires proof that the defendant personally discharged the firearm in order to impose the twenty-year mandatory minimum. Proof based on a principal theory will not suffice.
 
 [5]
 

 Evidence that a defendant discharged a firearm during the commission of a crime may be established circumstantially. Had Mr. Sims been the only defendant observed in possession of a firearm, had there been forensic evidence establishing the recovered shell casings came from both weapons, or had testing been done to establish the presence of gunshot residue on Mr. Sims, the result very well might be different. No such evidence was presented. Instead, the State relied on the fact that Mr. Sims was seen holding a gun and its theory that he was attempting to recover his gambling losses. This was insufficient.
 

 When the State relies upon circumstantial evidence to establish a fact, it must be consistent with guilt and inconsistent with a reasonable hypothesis of innocence.
 
 Sibold v. State,
 
 889 So.2d 1000 (Fla. 5th DCA 2004). Other than speculation as to Mr. Sims’ motive, the State presented no direct or circumstantial evidence to establish that Mr. Sims, rather than Mr. Brown, fired the shots into the apartment. Consequently, the trial court erred in imposing the twenty-year mandatory minimum under subsection 775.087(2)(a)2. However, the jury’s finding that Mr. Sims possessed a firearm during the commission of an attempted second-degree murder and aggravated assault subjects him to the ten-year minimum mandatory provision on the attempted second-degree murder, and the three-year minimum mandatory on the aggravated assault, pursuant to subsection 775.087(2)(a)l.
 
 [6]
 
 Accordingly, we reverse and remand for resentencing consistent with this opinion.
 

 REVERSED and REMANDED.
 

 MONACO, C.J., and PALMER, J., concur.
 

 [1]
 

 . No adjudication or sentence was imposed on the aggravated battery conviction. Mr. Sims was sentenced to the three-year minimum mandatory for possession of a firearm by a convicted felon.
 

 [2]
 

 . This statute is commonly referred to as the 10-20-Life law.
 

 [3]
 

 . The "amended judgment as to minimum mandatory” incorrectly reflected the minimum mandatory was imposed pursuant to subsection 782.04(2), Florida Statutes (2008).
 

 [4]
 

 . The State argues Mr. Sims did not preserve the issue for appeal. Although the record does not include a sentencing hearing transcript, Mr. Sims' counsel specifically argued in his motion for judgment of acquittal that no evidence identified the shooter, thereby precluding a minimum mandatory sentence exceeding ten years. If the State obtains a conviction, sans any supporting evidence at trial, it may be attacked on direct appeal at any time as fundamental error.
 
 Patel v. State,
 
 679 So.2d 850, 852 (Fla. 1st DCA 1996).
 

 [5]
 

 . Similarly, an enhancement statute which used the phrase "personally discharged” was held not to apply when the firearm was discharged by a co-defendant.
 
 People v. Rodriguez,
 
 229 Ill.2d 285, 322 Ill.Dec. 563, 891 N.E.2d 854 (2008).
 

 [6]
 

 . Although count 3 of the information charging aggravated assault alleged both possession and discharge of a firearm, the special verdict form submitted to the jury only requested a finding relating to possession. Thus, other than finding Appellant guilty of aggravated assault, as charged, the jury made no finding that he discharged the firearm. Because it was not raised as an issue on appeal, and given our disposition of the case, it is unnecessary to address the issues implicated.