DAMOORGIAN, J.
Appellant, Freddie Chavers, appeals his convictions for first degree murder with a firearm and attempted first degree murder with a firearm, as well as his twenty-year minimum mandatory sentence for the attempted first degree murder charge. Appellant raises three issues on appeal: (i) cumulative improper evidentiary rulings; (ii) cumulative improprieties in the State’s closing argument; and (iii) an incorrect sentencing enhancement. All three issues lack merit, and thus we affirm Appellant’s convictions and sentences.
This appeal arises from one continuous criminal episode where Appellant and a co-defendant shot two individuals at close range, injuring one victim and killing the second victim. The surviving victim was the only eyewitness to the crime. This victim testified that he saw gunfire in the distance even after the co-defendant exclaimed that his gun had jammed. This witness also testified that he saw Appellant shoot the second victim.
With respect to the first two issues, we conducted a thorough review of the record. The court’s evidentiary rulings and the State’s closing argument, when taken in context, reveal no notable errors.
With respect to the third issue, section 775.087(2), Florida Statutes (2008), fully authorizes Appellant’s minimum mandatory sentence of twenty years. This section provides:
Any person who is convicted of [murder] or an attempt to commit [murder] ... regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a “firearm” ... shall be sentenced to a minimum term of imprisonment of 20 years.
§ 775.087(2), Fla. Stat. (2008) (emphasis added). The jury must make a clear finding that the defendant discharged the firearm to apply the sentence enhancement. Parker v. State, 921 So.2d 812, 813 (Fla. 4th DCA 2006).
Appellant relies on Lemus v. State, 33 So.3d 774 (Fla. 4th DCA 2010), and Sims v. State, 44 So.3d 1222 (Fla. 5th DCA 2010), to assert that the twenty-year minimum mandatory sentence should be reversed. Both cases are distinguishable. In Lemus, the criminal episodes were spatially and temporally distinct. 33 So.3d at 776. In Sims, no evidence existed that the defendant discharged the firearm. 44 So.3d at 1224.
Here, Appellant was involved in one continued criminal episode, with no spatial or temporal separation. Testimony showed that Appellant and co-defendant fired their weapons simultaneously. Further, the State submitted sufficient evidence to establish, and the jury expressly found, that Appellant discharged a firearm.
Appellant contends that the jury’s finding appears on the verdict form under the charge for attempted first degree murder of the surviving victim. Since the State conceded that Appellant actually did not shoot the surviving victim, Appellant claims that the jury’s finding cannot serve as grounds for a sentence enhancement under section 775.087(2). This logic is flawed. As noted by the trial court in its order denying Appellant’s motion to correct a sentencing error, “[n]either the statute nor common sense requires that he fire his firearm at, or strike, his intended victim in order to be subject to this particular mandatory minimum enhancement.” See also § 775.087(2), Fla. Stat. (2008).

Affirmed.

POLEN and LEVINE, JJ., concur.