WOLF, J.
Appellant challenges her conviction and sentence for armed burglary of a dwelling, for which the trial court imposed a ten-year minimum mandatory sentence based on the jury’s finding that she was in actual possession of a firearm. For the reasons discussed below, we affirm.
The victim testified she came home and discovered someone had forcibly entered her home. A jewelry box containing approximately $50,000 worth of jewelry was missing from on top of a dresser in her bedroom, and guns were missing from her bedroom closet. Officers discovered appellant’s fingerprint on a drawer from the jewelry box that was left on the floor. The victim testified she received the jewelry box as a gift, still in its factory-sealed box, three years earlier. She testified the box had never left her home, and she had never given appellant permission to enter her residence. The jury found appellant guilty of burglary and found she was in actual possession of a firearm. The trial court imposed a ten-year minimum mandatory sentence based on the jury’s finding that appellant actually possessed, a firearm, over appellant’s objection that evidence she touched the jewelry box was insufficient to prove actual possession of a firearm.
*915 First, appellant argues the circumstantial evidence of her fingerprints on the jewelry box drawer was insufficient to rebut her hypothesis of innocence that her fingerprints could have been placed there prior to the time of the offense. We disagree. Where, as here:
... the prints are located in a place, on an object, or on a particular part of an object to which the general public does not have access, the hypothesis that the print was not placed on the object at the time of the crime is not one which the court must declare reasonable as a matter of law, and it remains for the jury to determine its reasonableness.... [S]uch proof, standing alone, is legally sufficient, and the jury may infer from it that the print was made at the time of the crime.
Sorey v. State, 419 So.2d 810, 813 (Fla. 3d DCA 1982).
In a factually similar case, the Fourth District found sufficient evidence of burglary where the defendant’s fingerprints were found on a cash container from which money had been taken. Lewis v. State, 777 So.2d 456 (Fla. 4th DCA 2001). The victims testified they returned home to find multiple items were missing, including a television from the living room and change rolls kept in a plastic container on the dresser in their bedroom. Id, at 457. They testified they had used the cash container for. at least a year prior to the burglary, and they had never given the defendant permission to enter their home. Id. The Fourth District found evidence of the defendant’s fingerprints on the cash container that had been in the constant possessions of the victims for over a year, and to which the defendant had no access, was sufficient to meet the State’s burden, noting the State’s evidence “need only be inconsistent with the defendant’s reasonable hypothesis of innocence, and it does not have to conclusively rebut it.” Id. at 458.
Likewise here, we find evidence of appellant’s fingerprints on a jewelry box drawer that the victim received sealed from the factory years earlier, and to which the victim had not given appellant access, was sufficient to meet the State’s' burden.
Second, appellant argues there was insufficient evidence to support the imposition of the 10-year minimum mandatory sentence for actual possession of a firearm. She argues the circumstantial evidence of her fingerprints on the jewelry box drawer was insufficient to establish that she actually possessed any of the guns that were missing from a closet in the same room. She relies on Sims v. State, 44 So.3d 1222 (Fla. 5th DCA 2010), which held that where a victim testified there were two gunmen, but the victim did not see who fired the shots, there was insufficient evidence to support the imposition of a twenty-year minimum mandatory sentence for discharging a firearm. The court recognized “[e]vidence that a defendant discharged a firearm during the commission of a crime may be established circumstantially.” Id. at 1225. In a circumstantial case, the evidence must be inconsistent with the defendant’s reasonable hypothesis of innocence. Id. The Sims court found there was no evidence, either direct or circumstantial, that Sims, rather than the co-defendant, discharged the firearm. Id. As such, the court reversed for resentenc-ing without the minimum mandatory sentence for discharging a firearm. However, the court reasoned that the result may have been different if Sims had been the only gunman. Id.
Unlike Sims, here there was evidence of only one perpetrator — appellant. Appellant’s hypothesis of innocence was not that there was a second burglar who *916 actually possessed the firearms. Instead, her hypothesis was that she had no involvement in the burglary and that she touched the jewelry box drawer prior to the incident. As discussed above, this hypothesis was rebutted by the victim’s testimony that she received the box sealed from the factory and had never granted appellant access to it. Thus, the circumstantial evidence of appellant’s fingerprints on the jewelry box drawer was sufficient to support a finding that she took and possessed the firearms that were taken from the same bedroom during the same burglary.
The concurrence argues that, while the circumstantial fingerprint evidence was sufficient to establish that appellant actually possessed the jewelry box, it was insufficient to establish that she possessed the firearm.
Essentially, the argument is that there must be evidence directly linking a defendant to each item taken during a burglary in order to establish that the defendant took those items. However, that is not the State’s burden. As noted above in Lewis, 777 So.2d 456, the Fourth District found fingerprint evidence on a cash container was sufficient to sustain a conviction for theft of multiple items from different rooms in the victims’ home. “Fingerprints are circumstantial evidence that a defendant committed a crime,” id. at 457, and if “prints are ... located in a place ... to which the general public does not have access, the hypothesis that the print was not placed on the object at the time of the crime is not one which the court must declare reasonable as a matter of law, and it remains for the jury to determine its reasonableness.” Sorey, 419 So.2d at 813. Thus, the fingerprint evidence on the jewelry box was sufficient to demonstrate that appellant took the jewelry and other items taken during the burglary, and was sufficient to overcome her hypothesis of innocence that she got her fingerprints on the box prior to the offense.
For the reasons discussed above, we find there was” sufficient evidence to support the burglary conviction and the imposition of the minimum mandatory sentence for actual possession of a firearm. Thus, we AFFIRM.
LEWIS, C.J., concurs; MAKAR, J., specially concurring with opinion.