DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RODNEY SQUIRE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D18-290 and 4D18-313

[ July 17, 2019 ]

Consolidated appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Bernard I. Bober, Judge; L.T. Case Nos. 09019699CF10A and 17000688 CF10A.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Georgina Jiminez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

In Case Number 4D18-313, Rodney Squire appeals his convictions and sentences for attempted first-degree murder with a firearm and possession of a firearm by a convicted felon.[1] We affirm as to all issues except one. We find merit in appellant's argument that defense counsel was ineffective on the face of the record for failing to move for a judgment of acquittal on the issue of whether appellant's discharge of a firearm caused great bodily harm to the victim.

The evidence at trial showed that appellant and his brother fired multiple shots at the victim. When appellant and his brother started shooting, the victim "took off and ran." The victim was shot twice in each leg.

---

[1] In Case Number 4D18-290, appellant appeals the revocation of his probation in a different case based on these new law violations. We affirm without comment on all issues raised in the appeal of the revocation of probation.

The victim's right leg suffered an "entry wound" and a "through and through" wound. One of the shots to the victim's left leg was a graze wound; the other resulted in a bullet being lodged near the victim's left ankle. The bullet near the victim's left ankle was surgically removed.

During a search of the home where appellant and his brother lived, the police found three firearms: (1) a revolver; (2) a 40-caliber semiautomatic pistol; and (3) a 22-caliber semiautomatic pistol. A ballistics expert determined that the bullet recovered from the victim's leg had been fired by the revolver. Additionally, a shell casing found at the scene of the shooting had been fired by the 40-caliber semiautomatic pistol found in appellant's home.

The major DNA profile on the revolver belonged to appellant's brother. Appellant's DNA could not be linked to any of the firearms found in his home.

The jury found appellant guilty of attempted first-degree murder as charged in the information. The jury made specific findings that appellant actually possessed a firearm, actually discharged a firearm, and actually inflicted great bodily harm as a result of discharging the firearm. Following the second phase of trial, the jury also found appellant guilty of possession of a firearm by a convicted felon.

On the attempted first-degree murder charge, the trial court sentenced appellant as a habitual felony offender to 25 years in prison followed by 10 years of probation, with a 25-year mandatory minimum sentence under the 10/20/Life statute. On the charge for possession of a firearm, the trial court sentenced appellant to a concurrent term of 25 years in prison, with a 10-year mandatory minimum sentence under the 10/20/Life statute. The trial court also revoked appellant's probation and imposed sentence in a different case. This consolidated appeal followed.

On appeal, appellant argues that defense counsel was ineffective on the face of the record for failing to move for a judgment of acquittal on the 10/20/Life issue of whether appellant's discharge of a firearm caused great bodily harm to the victim. Although appellant concedes that there was sufficient evidence to support a finding that he actually possessed a firearm and discharged it, he contends that there was insufficient evidence to prove that his personal discharge of the firearm actually caused great bodily harm to the victim. We agree with appellant's argument.

2

A de novo standard of review applies to claims of ineffective assistance of counsel raised on direct appeal. *Curtis v. State,* 204 So. 3d 463, 464 (Fla. 4th DCA 2016).

To obtain relief on an ineffective assistance claim, a defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The first prong is established by showing that "counsel's representation fell below an objective standard of reasonableness" under "prevailing professional norms." *Id.* at 688. The second prong is established by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

An ineffective assistance claim may be addressed on direct appeal only in rare cases where both prongs of *Strickland*—deficient performance and prejudice—are manifest in the record. *Smith v. State*, 998 So. 2d 516, 522–23 (Fla. 2008). This rare exception applies only when a tactical explanation for counsel's conduct is inconceivable and the prejudice caused by counsel's conduct is indisputable. *Bagnara v. State,* 189 So. 3d 167, 171 (Fla. 4th DCA 2016).

Trial counsel's failure to preserve a sufficiency-of-the-evidence issue for appellate review may constitute ineffective assistance of counsel that is apparent from the face of the record. *Monroe v. State*, 191 So. 3d 395, 402–03 (Fla. 2016). When the State has not proven an essential element of its case and the State could not reopen the case to prove that essential element, defense counsel's failure to move for judgment of acquittal constitutes ineffective assistance that may sometimes be determined from the record on direct appeal. *Corzo v. State*, 806 So. 2d 642, 645 (Fla. 2d DCA 2002).

Turning to the instant case, we note that the 25-year mandatory minimum sentence under the 10/20/Life statute applies only if the defendant himself actually discharged the firearm and inflicted death or great bodily harm upon any person because of the discharge. *See* § 775.087(2)(a)3., Fla. Stat. (2016).

Vicarious liability based on a principal theory will not suffice under the 10/20/Life statute. *Sims v. State,* 44 So. 3d 1222, 1225 (Fla. 5th DCA 2010). For example, in *Sims*, the Fifth District reversed a 20-year mandatory minimum sentence for discharge of a firearm where the State presented no evidence to establish that the defendant, rather than the codefendant, fired shots into an apartment. *Id.*

3

Here, although the State presented evidence that appellant and his brother fired multiple shots at the victim, the State presented no evidence establishing that any of the shots fired by appellant actually struck the victim. Thus, there is no evidence to support the jury's finding that appellant's discharge of a semiautomatic pistol caused the victim great bodily harm. The jury's finding must be based on mere speculation.

The evidence showed that the victim immediately "took off and ran" when he heard shots fired. The victim was struck four times, but only one bullet was recovered from his body. The recovered bullet was fired from a revolver that contained appellant's brother's DNA. Although a casing at the scene showed that a semiautomatic weapon was also fired, the State's evidence did not eliminate the reasonable possibility that only the bullets fired by appellant's brother actually struck the victim. Stated another way, the State did not prove beyond a reasonable doubt that any of the bullets fired by appellant actually struck the victim.

The deficient-performance prong of *Strickland* is satisfied in this case. There was no strategic reason for defense counsel to fail to move for a judgment of acquittal on this issue. Contrary to the State's argument that a motion for judgment of acquittal on this issue would have been inconsistent with appellant's misidentification defense, a motion for judgment of acquittal on this issue would not have precluded defense counsel from arguing to the jury that appellant was misidentified as one of the shooters.

The prejudice prong of *Strickland* is likewise indisputable on these facts. Defense counsel's deficient performance caused the trial court to impose a longer mandatory minimum on the 10/20/Life portion of the sentence. Moreover, this was not a case involving a technical deficiency of proof that the State could have remedied by reopening its case to supply the missing element. The eyewitness testimony and forensic evidence was simply inconclusive on the question of whether any of the shots that struck the victim were the result of appellant's discharge of his firearm.

In short, this is a rare case where ineffective assistance of counsel is apparent on the face of the record. It would be a waste of judicial resources for the parties to litigate this issue in postconviction proceedings. Accordingly, we reverse on this issue and remand for the trial court to strike the 25-year mandatory minimum sentence on Count I and replace it with the 20-year mandatory minimum sentence for discharging a firearm.

4

A resentencing hearing is not required on remand. We are satisfied from the record that the trial court would have imposed the same 25-year sentence on Count I even without the 25-year mandatory minimum on the 10/20/Life portion of the sentence, particularly where the trial court sentenced appellant to 25 years in prison on Count II, a conviction that the trial court knew was not subject to the 25-year mandatory minimum.

*Affirmed in part, Reversed in part, and Remanded.*

GROSS and CIKLIN, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***